United States District Court
Eastern District of Michigan
Southern Division

United States of America,

   Plaintiff,

          Hon. Sean F. Cox

v.

          Case No. 05-cr-81165

 D-2, David Sok,

   Defendant.

_____/

# Plea Agreement

   The United States of America and the defendant, David Sok, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

## 1. Counts of Conviction

   Defendant will plead guilty to a lesser-included offense of Count 1 in the First Superseding Indictment, filed on October 16, 2013.  Count 1 charges the defendant with conspiracy to possess with intent to



distribute and distribute a controlled substance, under 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846 (N-Benzylpiperazine, 3-4 methylenedioxymethamphetamine, and methamphetamine).

Defendant will plead guilty to the lesser-included offense of Count 1, conspiracy to possess with intent to distribute and distribute a controlled substance, under 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846 (50 grams or more of a mixture and substance containing a detectable amount of methamphetamine).

## 2. Statutory Minimum and Maximum Penalties

The defendant understands that the count to which he is pleading guilty carries the following minimum and maximum statutory penalties:

| Count 1 | Term of imprisonment: | At least 5 years' and up to 40 years' imprisonment |
| | Fine: | $5 million dollars |
| | Term of supervised release: | At least 4 years, up to life |

Page **2** of **22**

The defendant understands that Count 1 requires a mandatory minimum sentence of 60 months' imprisonment and that the Court may not impose a sentence on that count below the mandatory minimum.

## 3.     Agreement to Dismiss Remaining Charges

If the Court accepts this agreement and imposes sentence consistent with its terms, the United States Attorney's Office for the Eastern District of Michigan, will not proceed on the greater offense charged in Count 1 of the First Superseding Indictment.

If the Court accepts this agreement and imposes sentence consistent with its terms, the United States Attorney's Office for the Eastern District of Michigan will move to dismiss any remaining charges in the indictment against the defendant in this case.

## 4.     Elements of Counts of Conviction

The elements of Count 1 are:

1.   two or more persons conspired, or agreed, to distribute or to possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a substance containing a detectable amount of N-Benzylpiperazine, also known as "BZP," and a substance containing a detectable amount of MDMA (3,4-methylenedioxymethamphetamine), also known as "ecstasy"; and

2.   the defendant knowingly and voluntarily joined the conspiracy.

## 5.   Factual Basis

The parties agree that the following facts are true, accurately describe the defendant's role in the offenses, and provide a sufficient factual basis for the defendant's guilty plea:

Beginning as early as 2003 and continuing through on or about January 2011, within the Eastern District of Michigan, Southern Division, and elsewhere, defendant knowingly and voluntarily agreed to

possess with the intent to distribute N-Benzylpiperazine ("BZP"), 3-4 methylenedioxymethamphetamine ("MDMA"), some of which contained methamphetamine.

In furtherance of the agreement, the defendant, Khaophone Sychantha ("Sychantha"), and Mamie Arterberry ("Arterberry") each recruited co-conspirators, organized pickups, and supplied large amounts of pills to co-conspirators containing BZP and MDMA, including some pills that contained a detectable amount of methamphetamine, which were later smuggled from Canada into the United States for further distribution.

Under the general direction of Sychantha, on numerous occasions between 2003 and January 2011, defendant met with Sychantha, Arterberry, and co-conspirator drug and money couriers, and agreed to, and did, possess with intent to distribute well over 200,000 pills, which defendant, Sychantha, and Arterberry, concealed within vehicle panels, gas tanks, and spare tires in cars driven by couriers. The couriers then

Page 5 of 22

smuggled the pills from Canada into the United States and, at the direction of Sychantha, defendant, and Arterberry, distributed the pills to co-conspirators in the metropolitan areas of Detroit, Boston, New York, Chicago, Atlanta, Chantilly, Virginia, and elsewhere.

## 6.    Advice of Rights

Defendant has read the First Superseding Indictment, has discussed the charge and possible defenses with his attorney, and understands the crime charged.  Defendant understands that, by pleading guilty, he is waiving many important rights, including the following:

A.    The right to plead not guilty and to persist in that plea;

B.    The right to a speedy and public trial by jury;

C.    The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

D.    The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

E.   The right to confront and cross-examine adverse witnesses at trial;

F.   The right to testify or not to testify at trial, whichever the defendant chooses;

G.   If the defendant chooses not to testify at trial, the right to have the jury informed that it may not treat that choice as evidence of guilt;

H.   The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

I.   The right to compel the attendance of witnesses at trial.

## 7.   Collateral Consequences of Conviction

The defendant understands that his conviction here may carry additional consequences under federal or state law. The defendant understands that, if he is not a United States citizen, his conviction here may require him to be removed from the United States, denied citizenship, and denied admission to the United States in the future.

Page **7** of **22**

The defendant further understands that the additional consequences of his convictions here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of the defendant's convictions might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from his convictions.

## 8.    Safety Valve

The defendant understands that he will only qualify for the safety valve in 18 U.S.C. § 3553(f) if the Court finds at sentencing that he has satisfied *all* of the requirements in § 3553(f). If the Court finds that defendant has satisfied all of those requirements, the Court may—but

is not required to—sentence the defendant below the mandatory minimum penalties that would otherwise apply for Count 1.

9.    **Defendant's Guideline Range**

      A.    **Court's Determination**

The Court will determine the defendant's guideline range at sentencing.

      B.    **Acceptance of Responsibility**

The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a) for his guideline calculation on Count 1. Further, if the defendant's offense level is 16 or greater and the defendant is awarded the two-level reduction under USSG § 3E1.1(a), the government recommends that the defendant receive an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b). If, however, the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false

Page **9** of **22**

statement to, or withholding information from, his probation officer; obstructing justice in any way; denying his guilt of the offenses to which he is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG § 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

### C.    Other Guideline Recommendations

The parties recommend under Federal Rule of Criminal Procedure 11(c)(1)(B) that the following guideline provisions apply to the defendant's guideline calculations:

- 2D1.1(c)(2):  *At least 30,000 KG but less 90,000 KG of Converted Drug Weight* (Offense Level 36); and

- 2D1.1(b)(5):  *(A) the offense involved the importation of . . .*

*methamphetamine . . . and (B) the defendant is not subject to an
adjustment under §3B1.2 (Mitigating Role)* (add 2 Levels).

### D.    Factual Stipulations for Sentencing Purposes

The parties stipulate that the following additional facts are true
and that the Court may, but is not required to, rely on them in
calculating the defendant's guideline range and imposing sentence:

- *The defendant, David Sok, was directly involved in the importation
  of a controlled substance. [See,* 2D1.1(b)(5)(a)]

### E.    Parties' Obligations

Both the defendant and the government agree not to take any
position or make any statement that is inconsistent paragraph 9,
subsection C and D of this agreement.

### F.    Not a Basis to Withdraw

The defendant understands that he will have no right to withdraw
from this agreement or withdraw his guilty plea if he disagrees, in any
way, with the guideline range determined by the Court, even if that
guideline range does not incorporate the parties' recommendations or

factual stipulations in paragraphs 9.B, 9.C, or 9.D.  The government
likewise has no right to withdraw from this agreement if it disagrees
with the guideline range determined by the Court.

**10.    Imposition of Sentence**

**A.    Court's Obligation**

Defendant understands that in determining his sentence, the
Court must calculate the applicable guideline range at sentencing and
must consider that range, any possible departures under the sentencing
guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a) and
apply any applicable mandatory minimums.

**B.    Imprisonment**

**1.    Recommendation**

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the
government recommends that the defendant's sentence of imprisonment
not exceed 108 months.

did not cover

Page **12** of **22**

### 2.    No Right to Withdraw

The government's recommendation in paragraph 10.B.1 is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw her guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if the Court decides not to follow the government's recommendation. If, however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

### C.    Supervised Release

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the parties recommend that the Court impose a four-year term of supervised release.

### D.    Fines

There is no recommendation or agreement as to a fine.

### E.   Restitution

Restitution is not applicable to this case.

### F.   Forfeiture

As part of this agreement, pursuant to 21 U.S.C. § 853, defendant agrees to forfeit to the United States, any and all property that constitutes or is derived from proceeds traceable to defendant's violation(s) of Title 21 as alleged in Count 1 of the First Superseding Indictment, and/or constitutes property used, or intended to be used to commit, or to facilitate, the commission of such violations.

Defendant agrees to the prompt entry of one or more orders of forfeiture containing the property that is subject to forfeiture pursuant to 21 U.S.C. § 853, including a Preliminary Order of Forfeiture, upon application by the United States at, or any time before, her sentencing in this case.  Defendant agrees to sign such an order, indicating she consents to its entry, if government counsel requests defendant to do so. Defendant agrees that the forfeiture order shall become final as to defendant at the time it is entered by the court.

Defendant agrees that he will cooperate with the United States by taking whatever steps are necessary to deliver clear title to property that is subject to forfeiture pursuant to 21 U.S.C. § 853 to the United States and will execute such legal documents as may be required to transfer title to the United States and by taking whatever steps are necessary to ensure that the property is not sold, disbursed, hidden, wasted or otherwise made unavailable for forfeiture.  If any other person or entity has any interest in such property, defendant will assist in obtaining a release of interest from any such other person or entity, and to deliver clear title to property that is subject to forfeiture pursuant to 21 U.S.C. § 853.

Defendant agrees not to contest, and agrees not to assist anyone else in contesting, any non-judicial and/or judicial forfeiture of property that is subject to forfeiture as a result of his Title 21 offense(s) to which he is pleading guilty in this criminal case.

In entering into the foregoing agreement with respect to forfeiture, defendant expressly waives his right to have any further

determination regarding the forfeitability of the property identified above whether by judge, or by a jury under Rule 32.2 of the Federal Rules of Criminal Procedure.  Defendant further waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, pronouncement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

Defendant acknowledges that he understands that the forfeiture of property may be part of the sentence that will be imposed in this case and waives any failure by the Court to advise him of this pursuant to Fed. R. Crim. P. 11(b)(1)(J) or otherwise at the change-of-plea hearing.

In entering into this agreement with respect to forfeiture, defendant knowingly, voluntarily, and intelligently waives any double jeopardy challenge or other challenge to the above-described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

Defendant further agrees to hold the United States of America, the Department of Homeland Security, the Drug Enforcement Administration, and any other federal or local law enforcement agency involved in this matter, their agents, and their employees, harmless from any claims whatsoever in connection with the seizure and forfeiture of property covered by this Plea Agreement.

### G.    Special Assessment

The defendant understands that he will be required to pay a special assessment of $100.00, due immediately upon sentencing.

## 11.    Appeal Waiver

The defendant waives any right he may have to appeal his conviction on any grounds. The defendant also waives any right he may have to appeal his sentence on any grounds, unless his sentence of imprisonment exceeds the top of the guideline range as determined by the Court (or any applicable mandatory minimum, whichever is greater).

## 12.   Collateral Review Waiver

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any other right he may have to challenge his conviction or sentence by collateral review, including, but not limited to, any right he may have to challenge her conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel or prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

## 13.   Remedies for Withdrawal, Breach, Rejection, or Vacatur

If the defendant is allowed to withdraw his guilty plea(s) or breaches this agreement, or if the Court rejects this agreement, or if the defendant's conviction or sentence under this agreement is vacated, the

government may reinstate any charges against the defendant that were dismissed as part of this agreement and may file additional charges against the defendant relating, directly or indirectly, to any of the conduct underlying the defendant's guilty plea or any relevant conduct. If the defendant has been permitted to plead guilty to a lesser-included offense, the government may also reinstate any charges or file any additional charges against the defendant for the greater offense, and the defendant waives his double-jeopardy rights with respect to the greater offense. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives his right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

## 14.    Use of Withdrawn Guilty Plea

The defendant agrees that if he is permitted to withdraw his guilty plea for any reason, he waives all of his rights under Federal Rule of Evidence 410, and the government may use his guilty plea, any

statement that the defendant made at his guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

## 15.   Parties to Plea Agreement

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

## 16.   Scope of Plea Agreement

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not

supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

## 17. Acceptance of Agreement by Defendant

The agreement in this case must be signed by the defendant and his attorney and received in the office of the United States Attorney on or before December 29, 2023. The government may withdraw from this agreement at any time before the defendant pleads guilty.

Dawn N. Ison
United States Attorney

*/s/ Benjamin C. Coats*
Benjamin C. Coats
Chief, Drug Task Force Unit
Assistant United States Attorney

Jason Dorval Norwood
Thomas Franzinger
Assistant United States Attorneys

Dated: November 21, 2023

By signing below, the defendant and his attorney agree that the defendant has read or been read this entire document, has discussed it with his attorney, and has had a full and complete opportunity to confer with his attorney. The defendant further agrees that he understands this entire document, agrees to its terms, has had all of his questions answered by his attorney, and is satisfied with his attorney's advice and representation.

_____       _____
Craig A. Daly, Esq.                   David Sok
Attorney for Defendant                Defendant

Dated: 12-29-2023

Page **22** of **22**